**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ALQUANDRE H. TURNER,
*Petitioner*,

v.

RENEE BAKER, Warden,
*Respondent*.

No. 17-72044

OPINION

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Argued and Submitted November 16, 2018
San Francisco, California

Filed January 15, 2019

Before: A. WALLACE TASHIMA and MILAN D.
SMITH, JR., Circuit Judges, and LAWRENCE L.
PIERSOL,* District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

* The Honorable Lawrence L. Piersol, United States District Judge
for the District of South Dakota, sitting by designation.

# SUMMARY[**]

## Habeas Corpus

The panel denied as unnecessary Alquandre Turner's application to file a second or successive habeas corpus petition challenging his Nevada state conviction and sentence, and transferred the petition to the district court with instructions to consider it as a first habeas petition.

The panel held that a Nevada state court's amended judgment awarding a defendant credit for time served constitutes a new judgment, and that Turner's habeas petition is therefore the first petition challenging his amended judgment, which does not require authorization from this court.

The panel wrote that the issue of the timeliness of Turner's petition is not properly before this court after this court determined, in an application for authorization to file a second or successive petition, that Turner's petition is a first petition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Thomas L. Qualls (argued), Reno, Nevada, for Petitioner.

Heidi P. Stern (argued), Chief Deputy Attorney General, Office of the Attorney General, Las Vegas, Nevada, for Respondent.

## OPINION

M. SMITH, Circuit Judge:

When Petitioner Alquandre Turner filed his third federal habeas petition, the district court dismissed it in accordance with the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) general rule prohibiting a state prisoner from filing more than one federal petition for writ of habeas corpus challenging his conviction or sentence. Like most rules, however, AEDPA has an exception: It does not bar successive petitions when a prisoner challenges a new judgment. Turner now files this application for authorization to file a second or successive petition under 28 U.S.C. § 2254. But the title of his application is deceiving: Turner's argument is that his petition is not a second or successive, but rather a first petition challenging a new judgment that added credit for the time he served before sentencing.

We recently held that, under California law, a state court's amended judgment awarding a defendant credit for time served constitutes a new judgment. *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). We reach the same conclusion today as to Nevada law. Turner's habeas petition, therefore, is the first petition challenging his

amended judgment.    So we deny his application as unnecessary.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial in Clark County, Nevada, Turner was convicted of, among other counts, sexual assault while possessing a deadly weapon (Count 5).  For Count 5, the Clark County District Court sentenced Turner to life with the possibility of parole after 10 years, plus a consecutive life sentence, with the possibility of parole after 10 years, for the deadly weapon enhancement.    The court's judgment, however, contained a mistake.  It stated that, as to Count 5, Turner was sentenced to life with the possibility of parole after ten years, plus an enhancement of "ten (20) years minimum" for use of a deadly weapon.  Moreover, the judgment of conviction listed no credit for time served by Turner before sentencing.  On direct appeal, the Nevada Supreme Court affirmed Turner's judgment.

Turner filed a federal petition for writ of habeas corpus. That petition was denied without prejudice.  Turner then filed a state petition for postconviction relief.  It was also denied, and Turner did not appeal.  Turner filed another federal habeas petition.  It was denied again—this time with prejudice.

Turner later moved to amend his judgment of conviction in the Clark County District Court.  Turner argued that his sentence for Count 5 contained a clerical error—the enhancement for use of a deadly weapon should have stated "Ten (10) Years" instead of "Ten (20) Years."  Turner also argued that he was entitled to credit for 154 days of jail time that he served before he was sentenced.

The court granted the motion and issued Turner's amended judgment. The amended judgment revised the deadly weapon enhancement on Count 5 to "Ten (10) Years." The amended judgment also gave Turner credit for 154 days of time served. The Nevada Supreme Court affirmed Turner's amended judgment on June 10, 2015, and remittitur issued on July 6, 2015.

On April 17, 2017, Turner filed a third federal habeas petition challenging his conviction and sentence. The district court dismissed the petition without prejudice as an unauthorized successive petition. The court reasoned that because Turner had previously filed two federal habeas petitions challenging his judgment of conviction, the current petition was a successive petition that required the authorization of this court.

Turner then filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2254. We appointed counsel for Turner and requested a supplemental application addressing whether Turner's amended judgment constituted a new judgment.

## ANALYSIS

### I. Turner's Amended Judgment

The question is whether Turner's amended judgment awarding him credit for time served is a new judgment. We hold that it is.

#### A. The Meaning of a New Judgment

Among other purposes, AEDPA was enacted to ensure greater finality of state and federal court judgments in criminal cases. *See Miller-El v. Cockrell*, 537 U.S. 322, 337

(2003). To this end, AEDPA places strict restrictions on "the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009)). A defendant wishing to file a "second or successive" habeas petition with the district court must first obtain leave from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

"Second or successive," however, ought not be interpreted literally—it is a "term of art." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). Just as consideration in contracts doesn't refer to thoughtful deliberation, and standing in federal courts doesn't refer to being in an upright position, so too does "second or successive" not "refe[r] to all § 2254 applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007).

In *Magwood v. Patterson*, the Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." 561 U.S. 320, 332–33 (2010). Thus, "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341–42 (citation omitted) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

The holding in *Magwood* leads to the question of what constitutes a "new judgment." The Court did not provide a comprehensive answer—it simply held that the prisoner's resentencing in that case was a new judgment. *Id.* at 342. Consequently, since *Magwood*, lower courts have had to decide how significant the change to a judgment must be to create a new judgment.

We confronted that question in *Gonzalez*. Our decision provided an example of a change to a judgment that does not constitute a new judgment: the correction of a scrivener's error. *Gonzalez*, 873 F.3d at 769, 772. "A scrivener's error occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment." *Id.* at 772. We reasoned that when an amended judgment corrects a scrivener's error, it does not change the underlying judgment, but "only the written record that erroneously reflects that judgment." *Id.* As a result, an amended judgment correcting a scrivener's error has no legal consequences, and thus is not a new judgment.

*Gonzalez* contrasted the correction of a scrivener's error with "a court's recalculation and alteration of the number of time-served or other similar credits awarded to a petitioner," which does constitute a new judgment. *Id.* at 769. In so holding, we relied on—and limited our holding to— California law. *Id.* California requires prison officials to subtract a defendant's time served from the number of days to which the defendant would have otherwise been sentenced. Cal. Penal Code § 2900.5(a). Therefore, when an amended judgment awards a prisoner credit for time served, it affects "the number of days a convicted individual will spend in prison." *Gonzalez*, 873 F.3d at 769.

"Critical[]" to our holding in *Gonzalez* was the fact that a judgment that does not include a prisoner's credit for time served is legally invalid. *Id.* California law requires courts to correct a judgment that does not include a prisoner's time served whenever it is discovered. *Id.* (citing *People v. Karaman*, 842 P.2d 100, 109 n.15 (1992); *People v. Taylor*, 14 Cal. Rptr. 3d 550, 563 (Ct. App. 2004)). Thus, an amended judgment awarding a defendant credit for time

served "remove[s] an invalid basis for incarcerating [the defendant], and provide[s] a new and valid intervening judgment to which" the defendant is held in custody. *Id.* at 770.

## B. Whether a Judgment Awarding Credit for Time Served is a New Judgment in Nevada

Turner argues that Nevada law compels the same conclusion. Citing *Derijk v. State*, 373 P.3d 909 (Table) (Nev. 2011), and *Kuykendall v. State*, 926 P.2d 781 (Nev. 1996), he contends that a judgment that does not include a prisoner's credit for time served is also legally invalid.

We begin with the statutory text. *See Hughey v. United States*, 495 U.S. 411, 415 (1990). Nevada Revised Statute (N.R.S.) § 176.055 governs the credit defendants receive for time served. That statute states, in relevant part, that "whenever a sentence of imprisonment . . . is imposed, the court may order that credit be allowed against the duration of the sentence." N.R.S. § 176.055(1). The use of the word "may" suggests that, unlike in California, the decision whether to award defendants time served against their sentences is discretionary, not mandatory. *See United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.").

The Nevada Supreme Court, however, has interpreted the statute differently. It has held that "despite its discretionary language, the purpose of [§] 176.055 is to 'ensure that all time served is credited towards a defendant's ultimate sentence.'" *State v. Second Judicial Dist. Court ex rel. County of Washoe*, 116 P.3d 834, 836 (Nev. 2005) (quoting *Kuykendall*, 926 P.2d at 783). In so ruling, the Nevada Supreme Court adopted the reasoning of the

California Supreme Court, which held that courts must award prisoners credit for time served. *See Kuykendall*, 926 P.2d at 783.

To be sure, California and Nevada law are not identical. As *Gonzalez* recognized, a judgment that does not include a defendant's credit for time served is "considered invalid or 'unlawful'" under California law. 873 F.3d at 769 (quoting *Karaman*, 842 P.2d 100, 109 n.15). Nevada courts have not made such a definitive pronouncement.

Nevertheless, the Nevada Supreme Court has twice remanded cases to the trial court with instructions that it amend the defendant's judgment to include credit for time served, *see Derijk*, 373 P.3d at 909; *Kuykendall*, 926 P.3d at 783, and appellate courts do not remand cases unless the lower court's ruling is erroneous. *See, e.g.*, *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 201–02 (2012) ("[W]hen we reverse . . . we typically remand for resolution of any claims the lower courts' error prevented them from addressing."). Thus, those decisions implicitly demonstrate that judgments that do not include a defendant's credit for time served are invalid.

Our decision in *Gonzalez*, although based on California law, applies to amended judgments awarding defendants credit for time served in Nevada. California and Nevada law are sufficiently similar to compel that conclusion. Thus, we construe Turner's petition to be a first petition, which does not require authorization from this court.

## II. Timeliness of Turner's Petition

The government argues that we should deny Turner's petition because it was not timely. That issue, however, is not properly before us. "In reviewing an application for a

second or successive habeas petition, we do not assess the cognizability of that petition." *Clayton v. Biter*, 868 F.3d 840, 846 (9th Cir. 2017); *accord Henry v. Spearman*, 899 F.3d 703, 710 (9th Cir. 2018) ("The requirement of a mere *prima facie* showing [in an application for leave to file a second or successive petition] 'render[s] irrelevant other possible grounds for dismissal such as ultimate lack of merit, nonexhaustion, procedural default, and the like.'") (quoting Hertz & Liebman, *Federal Habeas Corpus Practice and Procedure* § 28.3[d] (7th ed. 2017)).

Having determined that Turner's petition is a first petition, we may proceed no further. We transfer the petition to the district court to consider it as a first petition. *See Clayton*, 868 F.3d at 846.

## CONCLUSION

Under Nevada law, Turner's petition is not a second or successive petition because it challenges a new judgment. As a result, he does not have to obtain authorization from this court before filing it. We deny the application as unnecessary and transfer the petition to the United States District Court for the District of Nevada with instructions to consider it as a first habeas petition.

**APPLICATION DENIED and PETITION TRANSFERRED. No costs.**