**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOBBY DARRELL COLBERT, *Applicant*, | No. 19-71246 |
| v. | OPINION |
| RON HAYNES, *Respondent.* | |

Application to File Second or Successive Petition
Under 28 U.S.C. § 2254

Submitted March 2, 2020[*]
Seattle, Washington

Filed March 30, 2020

Before: Sandra S. Ikuta, Ryan D. Nelson,
and Danielle J. Hunsaker, Circuit Judges.

Opinion by Judge Hunsaker

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus

The panel denied Bobby Darrel Colbert's application pursuant to 28 U.S.C. § 2244(b) for leave to file a second or successive habeas corpus petition challenging his 2005 Washington state sentencing judgment.

The panel held that the habeas petition Colbert seeks to file is a second or successive petition under *Magwood v. Patterson*, 561 U.S. 320 (2010), because, under Washington law, removal of a victim-restitution condition from the sentencing judgment did not create a new, intervening judgment.

The panel also held that Colbert does not satisfy the requirements under 28 U.S.C. § 2244(b)(2) for filing a second or successive petition because none of the arguments raised in the petition relate to a new constitutional rule and each of the arguments raises a procedural error that, even if proven true, has no bearing on his guilt.

### COUNSEL

Michael C. Kahr, Karhs Law Firm P.S., Seattle, Washington, for Applicant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

John J. Samson, Assistant Attorney General, Corrections Division; Robert W. Ferguson, Attorney General; Office of the Attorney General, Olympia, Washington; for Respondent.

## OPINION

HUNSAKER, Circuit Judge:

The primary question in this case is whether removal of a victim-restitution condition from Bobby Darrel Colbert's Washington state sentencing judgment created a new judgment under *Magwood v. Patterson*, 561 U.S. 320 (2010). Originally, Colbert filed an application for leave to file a second or successive habeas petition under 28 U.S.C. § 2254. He now contends that removal of the victim-restitution condition from his sentencing judgment created a new judgment, which makes his habeas petition a first, rather than a second or successive, petition. 28 U.S.C. § 2244(b). We have jurisdiction under 28 U.S.C. § 2244 and hold that removal of the victim-restitution condition did not create a new judgment under Washington law. We also hold that Colbert does not satisfy the requirements for filing a second or successive habeas petition, and we deny his application.

## I. BACKGROUND

In 2005, Colbert was convicted in Washington state court of one count of rape in the third degree and one count of rape in the second degree. He was sentenced to twenty months on the third-degree count and 136 months to life on the second-degree count, running concurrently. The sentencing court also imposed community-custody terms on

both counts.**[1]** The conditions imposed for community custody included that Colbert pay restitution for his victims' "crime-related counseling and medical treatment" costs.

After an unsuccessful direct appeal, *State v. Colbert*, No. 56298-3-I, 2006 WL 2048237 (Wash. Ct. App. July 24, 2006), *rev. denied*, 160 Wash. 2d 1004 (2007), Colbert filed numerous collateral challenges to his 2005 conviction, including five federal habeas petitions, *State v. Colbert*, No. 77332-1-I, 2018 WL 3434708, at *1 (Wash. Ct. App. July 16, 2018). In 2014, Colbert challenged in Washington state court two of the community-custody conditions imposed in his sentencing judgment—the victim-restitution condition and an alcohol-prohibition condition. *Id.*

The state argued that both conditions were within the trial court's authority but that the victim-restitution condition was moot because the victims had not requested restitution. The Washington Court of Appeals dismissed Colbert's challenge, and on review the Acting Commissioner of the Washington Supreme Court also rejected his challenge, stating in part:

> [W]hile the State does not concede that the trial court lacked authority to require victim reimbursement as a community custody condition, it has conceded that the condition may be stricken because the victims have not sought reimbursement. Accepting the State's

---

**[1]** Under Washington law, a term of "community custody" is "that portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence . . . and served in the community subject to controls placed on the offender's movement and activities by the department." Revised Code Washington ("RCW") § 9.94A.030(5); *see also* RCW § 9.94A.703.

> concession that this condition may be stricken, this court need not address the merits of the condition.
>
> As to the alcohol prohibition, it is expressly permitted by statute without regard for whether the crime was alcohol-related. Former RCW 9.94A.700(5)(d) (2003).
>
> . . . .
>
> The motion for discretionary review is denied **on the condition that the State take steps necessary to strike the victim cost reimbursement community custody condition.**

*Id.* (emphasis in original) (footnote omitted).

After the Acting Commissioner's decision, the trial court struck the victim-restitution condition but otherwise left Colbert's sentencing judgment intact. *Id.* Colbert appealed, arguing the trial court violated his constitutional rights by changing his sentencing judgment when he was not present and when he did not have counsel. *Id.* The Washington Court of Appeals denied Colbert's appeal noting, "the Supreme Court Commissioner did not remand the matter to the superior court" but instead directed the state "to take steps" to strike the victim-restitution condition; an act that "did not involve resentencing and amounted to the prosecutor stipulating to Colbert's request to strike the condition." *Id.* at * 2. The Washington Court of Appeals further concluded that removing the victim-restitution condition was "essentially a ministerial act that was not a critical stage of the proceedings." *Id.*

In May 2019, Colbert sought leave from this Court to file a second or successive federal habeas petition challenging his 2005 sentencing judgment. We appointed counsel for Colbert and directed the parties to address whether removal of the victim-restitution condition created a new judgment, and Colbert filed a supplemental application arguing that a new judgment was created.

## II.    DISCUSSION

### A.  Is Colbert's habeas petition a first or a second or successive petition?

A petitioner must obtain leave from the Court of Appeals before filing a "second or successive" habeas petition in the district court. 28 U.S.C. § 2244(b)(3)(A). In *Magwood*, the Supreme Court held that "second or successive" does not refer to "all § 2254 habeas petitions filed second or successively in time." 561 U.S. at 331–32. Instead, this phrase is interpreted "with respect to the judgment challenged." *Id.* at 332–33. A petition is not "second or successive" under § 2244(b) if it challenges for the first time a "new judgment intervening between the two habeas petitions." *Id.* at 341–42 (internal quotations omitted). *Magwood* did not answer, however, what constitutes a "new" judgment; "it simply held that the prisoner's resentencing in that case was a new judgment." *Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) (discussing *Magwood*, 561 U.S. at 342).

We look to the applicable state law to determine whether a sentencing change made by the state court created a new sentencing judgment. *Turner*, 912 F.3d at 1240; *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). Critical to this analysis is whether the state court action "replaces an invalid sentence with a valid one." *Gonzalez*, 873 F.3d at 769; *see*

*also Turner*, 912 F.3d at 1240. Thus, in *Gonzalez*, we held that changing presentence credits results in a new judgment under California law because application of custody credits determines "the total duration of time which a convicted person will have to spend in prison" and a sentence is legally valid only if it awards all the credits to which the person is entitled. 873 F.3d at 769; *see also Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012) (holding petition challenging amended judgment that vacated a conviction on one count as invalid under state law but carried forward convictions on other counts was not a "second or successive petition"). We reached the same result applying Nevada law in *Turner*. 912 F.3d at 1240. Here, to determine whether removal of the victim-restitution condition from Colbert's sentencing judgment created a new judgment, we turn to Washington law.

In Washington, only sentencing errors stemming from a trial court exceeding its statutory authority render a sentencing judgment invalid. *In re Coats*, 267 P.3d 324, 331 (Wash. 2011) (en banc). Under the Sentencing Reform Act (SRA) in effect when Colbert was sentenced, trial courts had authority to require defendants to "perform affirmative conduct reasonably related to the circumstances of the offense." RCW § 9.94A.712(6)(a) (2003). The SRA also expressly authorized trial courts to "order the payment of a legal financial obligation as part of the sentence" in felony cases, including restitution. RCW § 9.94A.760(1) (2003). Indeed, requiring payment of restitution to the victim when the offense results in injury, including payment for "treatment for injury" and "the costs of counseling reasonably related to the offense" was expressly authorized. RCW § 9.94A.753(3) (2003). Therefore, we conclude that the trial court did not exceed its statutory authority by ordering Colbert to pay restitution to his victims, and thus

there was no error in the sentence, let alone the sort of sentencing error that would render a judgment invalid.

The Washington Court of Appeals' decision stating that removal of the victim-restitution condition was "a ministerial act that was not a critical stage of the proceedings against Colbert" further supports our conclusion. *Colbert*, 2018 WL 3434708, at *2. Even if there had been an error, the Washington Supreme Court has indicated that sentencing errors correctible through ministerial action that does not involve exercising discretion are not errors that render the original sentence invalid. *See State v. Ramos*, 246 P.3d 811, 812 (Wash. 2011) (en banc). Unlike a sentencing or resentencing, which are critical stages of a criminal proceeding and do involve discretionary decision-making, an offender has no constitutional right to be present or to have counsel when a court makes a ministerial sentencing correction. *Id.* Washington law is also clear that if a "trial court simply corrects the original judgment and sentence, it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration." *State v. Kilgore*, 216 P.3d 393, 399 (Wash. 2009) (en banc). Accordingly, even if there had been an error in the sentencing, the Washington Court of Appeals' characterization of the change to Colbert's sentencing judgment as a "ministerial act" is compelling, if not determinative.

We simply see no indication in Washington statute or caselaw that the trial court exceeded its legal authority by ordering Colbert to pay restitution to his victims for their crime-related treatment expenses such that removing this restitution requirement "replace[d] an invalid sentence with a valid one." *Gonzalez*, 873 F.3d at 769. Therefore, we hold

that Colbert's habeas application does not seek to challenge a new, intervening judgment.

## B. Does Colbert satisfy the requirements for filing a second or successive habeas petition?

Having concluded that the sentencing judgment Colbert seeks to challenge is not a new judgment, we turn to whether Colbert satisfies the requirements for filing a second or successive petition under 28 U.S.C. § 2244(b). There are two circumstances in which a second or successive petition challenging a state court judgment is permitted. First, where the applicant's claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *Id.* § 2244(b)(2)(A). And second, where the applicant could not have reasonably discovered the factual basis for his claims at the time of his initial habeas petition *and* the previously undiscovered facts, if true, prove by clear and convincing evidence that a reasonable fact finder could not "have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B); *Brown v. Muniz*, 889 F.3d 661, 668 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841 (2019).

Before addressing whether Colbert can make a prima facie showing under § 2244(b)(2), we address two procedural points. Colbert argues it is premature for the Court to consider whether he satisfies the second or successive petition requirements because when the Court appointed him counsel it directed the parties to address only whether the change to Colbert's sentencing judgment constituted a new judgment. We disagree. The ultimate issue before the Court is whether Colbert can proceed with his habeas petition, and the Court's prior order does not preclude this panel from considering whether Colbert satisfies the requirements for filing a second or successive petition in the

event we conclude, as we have, that the judgment he seeks to challenge is not new. Colbert also argues that determining whether his petition meets § 2244(b)(2)'s requirements requires a "complete record review." Again, we disagree. The only new facts raised in Colbert's petition relate to removal of the victim-restitution condition, which are currently before the Court.

Turning to the merits of the § 2244(b)(2) analysis, none of the arguments raised in Colbert's petition relate to a new constitutional rule. Likewise, each of his arguments raises a procedural error that, even if proven true, has no bearing on his guilt. Therefore, Colbert cannot make the necessary prima facie showing under either § 2244(b)(2)(A) or (B), and we must deny his application for leave to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(C).

## III.    CONCLUSION

Removal of the victim-restitution condition from Colbert's sentencing judgment did not create a new, intervening judgment under Washington law. Therefore, to proceed with his habeas petition, Colbert must satisfy the requirements for filing a second or successive petition under § 2244(b)(2), which he cannot do. Colbert's application for leave to file his habeas petition is

**DENIED.**