**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PHILLIP MINOR,

               Petitioner-Appellant,

   v.

RENEE BAKER, Warden; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

               Respondents-Appellees.

No.   19-15822

D.C. No. 2:15-cv-02005-RFB-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard Boulware, District Judge, Presiding

Submitted January 14, 2021[**]
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

We write primarily for the parties who are familiar with the facts. Appellant Phillip Minor appeals from the dismissal of his federal habeas petition as untimely. The Nevada state trial court had previously entered a judgment of conviction in 1986 sentencing Minor to life in prison without the possibility of parole after he had pleaded guilty to first-degree murder. On November 26, 2013, the state trial court entered a second amended judgment of conviction, modifying the amount of presentence credit by eight days. Almost two years later, on October 16, 2015, Minor filed a federal habeas petition under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The district court dismissed Minor's petition as untimely under AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d). In order for Minor's petition to have been timely, he needed the limitations period to run from the date that the second amended judgment became final, and he needed to qualify for statutory tolling under 28 U.S.C. § 2242(d)(2) for the period of time his state petition was pending.[1] Although the district court concluded that the limitations period began to run from the date the second amended judgment became final, the district court also determined that Minor's petition was not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2) because the state courts held that the petition was untimely.

---

[1] Minor's state petition was pending between September 2, 2014 and July 13, 2015.

Our court granted a certificate of appealability with respect to whether Minor's 28 U.S.C. § 2254 petition was timely filed.

We review *de novo* the question whether a petitioner's application for federal habeas relief was timely filed. *Rudin v. Myles*, 781 F.3d 1043, 1053 (9th Cir. 2014). We also review *de novo* the question whether AEDPA's statute of limitations should be tolled. *Id.* We conclude that the district court correctly determined that the statute of limitations began to run from the date the second amended judgment became final, and that the district court properly dismissed Minor's petition as untimely because Minor was disqualified from statutory tolling.

1. Under AEDPA, a one-year limitations period exists for federal habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "judgment" refers to "the state judgment pursuant to which the petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (interpreting 28 U.S.C. § 2244(d)(1)); *see also Magwood v. Patterson*, 561 U.S. 320, 330–33 (2010) (interpreting 28 U.S.C. § 2244(b) and holding that whenever there is a "new judgment," the procedural limitation on second or successive habeas petitions refreshes). Where there is a new, amended judgment pursuant to which the petitioner is being held, the statute of limitations runs from the

3

date of that new judgment. *Smith*, 871 F.3d at 687–88. The Supreme Court "did not provide a comprehensive answer" to what constitutes a "new judgment." *Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019). Under Nevada law, however, our court has held that a state court's amended judgment awarding a defendant credit for time served constitutes a new judgment. *Turner*, 912 F.3d at 1240. Accordingly, Minor's amended judgment awarding him presentence credit constitutes a new judgment. *See also Gonzalez v. Sherman*, 873 F.3d 763, 773 n.5 (9th Cir. 2017) ("For AEDPA purposes, it does not matter whether the error in the judgment was minor or major."). Therefore, the district court properly determined that AEDPA's one-year limitations period began to run from the date the second amended judgment became final.

2. AEDPA's one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) must be tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quotations and alteration omitted). The Nevada Supreme Court concluded that Minor's petition was untimely under state law, and we are "not at liberty to second guess that court's decision when it was acting on direct appeal of the state post-conviction court's judgment." *Rudin*, 781 F.3d at 1054. Thus, Minor's petition was not properly filed per 28 U.S.C.

4

§ 2244(d)(2), and the limitations period does not toll during the time in which the state petition was pending. Minor's petition was not timely filed.

**AFFIRMED.**