**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>       Applicant,<br><br>  v.<br><br>RON HAYNES,<br><br>       Respondent. | No.   20-73839<br><br><br>MEMORANDUM* |

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Submitted August 10, 2021**
Seattle, Washington

Before:  BEA, BRESS, and VANDYKE, Circuit Judges.

Bobby Colbert applies for leave to file a second or successive federal habeas

petition challenging his 2005 state conviction and sentence for rape.  *See Colbert v.*

*Haynes*, 954 F.3d 1232, 1234–35 (9th Cir. 2020).  Colbert acknowledges that he

cannot meet the standard for a second or successive petition, but argues that his

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition is not actually a second or successive petition because a 2017 order that changed his community custody (the "2017 Order") effected a new judgment. The 2017 Order changed his community custody on one count from a variable term to a fixed term, in compliance with a 2009 statutory amendment that prohibited variable terms. This reduced Colbert's community custody on that count to a fixed term of 36 months instead of the prior variable range of 36 to 48 months. We deny the application.

A petition is not second or successive if it is the first petition to challenge a "new judgment." *Id.* at 1235 (citation omitted). "Critical to this analysis is whether the [change in sentence] 'replaces an invalid sentence with a valid one.'" *Id.* at 1236 (citation omitted). "In Washington, only sentencing errors stemming from a trial court exceeding its statutory authority render a sentencing judgment invalid." *Id.* Because a variable custody term was lawful when the state court imposed it in 2005—four years before Washington's statutory amendment requiring fixed terms—the 2005 judgment remains valid, and the 2017 Order did not create a new judgment.

Further, even if there were an error, "sentencing errors correctible through ministerial action . . . are not errors that render the original sentence invalid." *Id.* "[R]eset[ting] the end date for community custody [is] a purely ministerial function," as evidenced by the Washington legislature's delegation to the

2

Department of Corrections of the power to modify community custody terms in accordance with the 2009 statutory amendment. *State v. Franklin*, 172 Wash. 2d 831, 843 (2011) (en banc).

For these reasons, the 2017 Order did not create a new judgment, and Colbert's petition is therefore second or successive. Accordingly, Colbert must satisfy the requirements for filing a second or successive petition under 28 U.S.C. § 2244(b)(2), which he concedes that he does not do. Thus, Colbert's application to file his petition is **DENIED**.