NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY KEVIN OWENS,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>DAVID SHINN, Director; ATTORNEY GENERAL FOR THE STATE OF ARIZONA,<br><br>        Respondents-Appellees. | No.   22-16043<br><br>D.C. No. 4:19-cv-00240-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 11, 2023[**]
Phoenix, Arizona

Before: GOULD, HURWITZ, and DESAI, Circuit Judges.

Timothy Owens was convicted in Arizona state court in 2006 of twenty-two felonies and sentenced to six life sentences and an additional term of years, all sentences to run concurrently. When Mr. Owens filed his first federal habeas petition

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 2254, the district court held that Count 7 of his conviction violated double jeopardy but denied relief on all other claims. The federal court remanded the case to the state trial court to enter an appropriate order. The state trial court subsequently vacated the conviction and sentence on Count 7, and reaffirmed its judgment on all other counts.

Mr. Owens subsequently filed a second federal habeas petition. On the counts that were reaffirmed by the state trial court, he asserted claims which were materially similar to those that were previously denied. The district court dismissed Mr. Owens's petition for lack of subject matter jurisdiction, holding that his petition was an unauthorized second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Mr. Owens appealed, claiming that he does not need leave to file the second petition because the state superior court order was a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010).

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and review de novo a district court's denial of a habeas petition for lack of subject matter jurisdiction. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). We affirm.

1.      "We look to the applicable state law to determine whether a sentencing change made by the state court created a new sentencing judgment." *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020). Under the circumstances of this case, we conclude that the superior court's order is not a "new judgment."

2

Because the grant of the habeas petition on Count 7 was alone sufficient to vacate Mr. Owens's unlawful conviction and sentence on that count, remand to the state court for resentencing was unnecessary. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010). For the same reason, upon remand, the state trial court was not required to do anything in response to the district court's order. Though unnecessary, the district court remanded to the state trial court and the state trial court acted to vacate Mr. Owens's unlawful conviction and sentence. But by merely taking this step, the state trial court's order did not create a new judgment under Arizona law.

Under Arizona law, when a federal court orders habeas relief on one portion of an Arizona judgment but denies it on other claims, a trial court cannot alter its judgment except as ordered by the federal court. *See State v. Clabourne*, 983 P.2d 748, 759 (Ariz. 1999); *State v. Nordstrom*, 280 P.3d 1244, 1250 (Ariz. 2012). In this case, the district court only granted Mr. Owens's habeas petition on Count 7 and denied relief on all other claims. Thus, the trial court's order did not create a "new judgment" under Arizona law on the remaining counts. The district court therefore properly deemed the unauthorized petition second or successive under the habeas statute and dismissed it for lack of subject matter jurisdiction.

2.    Construing Mr. Owens's appeal of the district court order as a motion for leave to file a successive petition under 28 U.S.C. § 2244(b)(3)(A), we deny it. A successive petition must be dismissed unless the claims have not been previously

presented and (1) the claims rest on a new retroactive rule of constitutional law, or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the facts underlying the claim, if true, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder" would have found the petitioner guilty. 28 U.S.C. § 2244(b)(1), (2). Mr. Owens's claims do not satisfy these requirements, so we deny his motion.

**AFFIRMED; MOTION DENIED.**