NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM WITTER,<br><br>Petitioner-Appellant,<br><br>v.<br><br>WILLIAM REUBART, Warden; AARON FORD, Attorney General for the State of Nevada,<br><br>Respondents-Appellees. | No. 22-99003<br><br>D.C. No.<br>3:20-cv-00345-APG-CSD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted January 25, 2024
Pasadena, California

Before:  KOH, SUNG, and DESAI, Circuit Judges.

William Witter appeals the district court's dismissal of his habeas petition as

an unauthorized "second or successive" petition under 28 U.S.C. § 2244(b). We have

jurisdiction under 28 U.S.C. § 2253 and review de novo whether a habeas petition is

"second or successive." *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reverse and remand.

Not all petitions that are second-in-time are "second or successive" under 28 U.S.C. § 2244(b). *Magwood v. Patterson*, 561 U.S. 320, 331–33 (2010). A petition that challenges a "new judgment intervening between . . . habeas petitions" is not successive for purposes of § 2244(b), even if the petitioner previously filed a petition that challenged the prior judgment. *Id.* at 339 (citation omitted). There is no dispute that Mr. Witter's amended judgment intervenes between his prior and current habeas petitions. The question is whether the amended judgment is a "new judgment" under *Magwood.*

Mr. Witter was initially convicted and sentenced in 1995. His judgment of conviction included restitution with "an additional amount to be determined." In 2017, Mr. Witter filed his fourth state habeas petition and argued that the petition was timely because his prior judgment included an indeterminate restitution clause in violation of Nevada state law, which states that the "judgment of conviction must set forth . . . the amount and terms of any . . . restitution." Nev. Rev. Stat. § 176.105(1)(c). The state district court agreed that the petition was timely, and entered an amended judgment of conviction that removed the unlawful restitution provision from his sentence. In 2019, on Mr. Witter's direct appeal of the amended judgment, the Supreme Court of Nevada agreed that the prior judgment with the indeterminate restitution clause "clearly constitute[d] error." *Witter v. State*, 452

2

P.3d 406, 408 (Nev. 2019).

"Final judgment in a criminal case means sentence. The sentence is the judgment." *United States v. Arpaio*, 951 F.3d 1001, 1006 (9th Cir. 2020) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Thus, an amended judgment that "replaces an invalid sentence with a valid one" creates a new, intervening judgment under *Magwood. Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017). When a petitioner is imprisoned pursuant to a state court judgment, we look to state law to determine whether an amendment to a sentence resulted in a new judgment. *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020) (citing *Turner v. Baker*, 912 F.3d 1236, 1240 (9th Cir. 2019)).

Under Nevada law, the amount of restitution "is an integral part of the sentence." *Whitehead v. State*, 285 P.3d 1053, 1055 (Nev. 2012). Nevada law "does not allow the district court to award restitution in uncertain terms." *Id.* (quoting *Botts v. State*, 854 P.2d 856, 857 (Nev. 1993) (per curiam)). "In cases where a district court has violated this proscription, [the Supreme Court of Nevada] historically has remanded for the district court to set an amount of restitution." *Slaatte v. State*, 298 P.3d 1170, 1171 (Nev. 2013) (per curiam) (citing cases). And the Supreme Court of Nevada has rejected the argument that amending a judgment to make the restitution amount definite is analogous to correcting a "clerical error." *Whitehead*, 285 P.3d at 1055; *see also Witter*, 452 P.3d at 408 (noting the restitution amount is required by

3

statute).

The state contends that Witter's amended judgment is not a "new" judgment under *Magwood* because the Supreme Court of Nevada has not explicitly described a judgment with an indefinite restitution clause as "invalid." In *Turner*, however, we made clear that such a "definitive pronouncement" of invalidity is not required. 912 F.3d at 1240. Despite the absence of a definitive pronouncement of invalidity there, we concluded that an amended judgment awarding credit for time served in Nevada was a "new judgment" under *Magwood* because the Supreme Court of Nevada had "twice remanded cases to the trial court with instructions that it amend the defendant's judgment to include credit for time served." *Id.* (citations omitted). And, because "appellate courts do not remand cases unless the lower court's ruling is erroneous, . . . those decisions implicitly demonstrate[d] that judgments that do not include a defendant's credit for time served are invalid." *Id.* (citations omitted). As noted above, the Supreme Court of Nevada has repeatedly remanded cases with instructions to remove indeterminate restitution clauses. Thus here, as in *Turner*, those state court decisions demonstrate that judgments with an indeterminate restitution clause are invalid, and an amended judgment that corrects that error is a new judgment under *Magwood.*

The state also contends that the 2017 amended judgment cannot be a new judgment because it did not affect the "custodial" aspect of Mr. Witter's sentence.

4

We disagree. "The essential criterion is legal invalidation of the prior judgment, not the imposition of a new sentence." *United States v. Buenrostro*, 895 F.3d 1160, 1165–66 (9th Cir. 2018); *see also Magwood*, 561 U.S. at 332–33 (rejecting the state's argument that custody is the key requirement of § 2254 because "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged"). Indeed, in *Magwood*, the habeas petitioner could challenge his new judgment even though his sentence did not change. 561 U.S. at 323; *see also Gonzalez*, 873 F.3d at 773 n.5 ("Even if the judgment is not substantively changed, it constitutes a new, intervening judgment if the earlier judgment is amended or even if it is reissued as an amended judgment as in *Magwood*."). And the state's argument that Mr. Witter already challenged his original conviction and sentence is irrelevant. We apply *Magwood* to undisturbed portions of a judgment even though doing so may "in some cases . . . allow petitioners a number of opportunities to raise the same claims in various federal petitions." *Gonzalez*, 873 F.3d at 768. That is because we "must interpret successive applications with respect to the *judgment* challenged and not with respect to particular *components* of that judgment." *Wentzell*, 674 F.3d at 1127 (emphasis added). Nor does it "matter whether the error in the judgment was minor or major. What matters is whether there is an amended judgment." *Gonzalez*, 873 F.3d at 773 n.5.

In sum, because Mr. Witter's habeas petition challenges a new, intervening judgment that "replace[d] an invalid sentence with a valid one," *Colbert*, 954 F.3d at 1236 (quoting *Gonzalez*, 873 F.3d at 769), his habeas petition is not second or successive under § 2244(b).

**REVERSED and REMANDED.**