**Raymond E. HILL, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. 01–71735.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2002.*

Filed July 19, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.*

R.App. P. 34(a)(2).

Raymond E. Hill, pro se, for the petitioner.

W.H. Hawley, Jr., and Timothy W. Terrell, Assistant Attorneys General, Department of Law, Office of Special Prosecutions and Appeals, Anchorage, Alaska, for the respondent.

Before: BRUNETTI, TROTT, and McKEOWN, Circuit Judges.

McKEOWN, Circuit Judge.

This appeal requires us to decide whether an initial habeas petition challenging the calculation of the prisoner's release date, in this case a claim that Alaska's "mandatory parole" scheme is unconstitutional, is governed by the "second or successive" petition provision of the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA). *See* 28 U.S.C. § 2244(b). Raymond Hill has filed numerous habeas petitions since he was convicted of robbery in 1993. He now requests this court's permission to file yet another habeas petition in district court. Because the petition at issue constitutes his first challenge to the calculation of his release date, we conclude that, as it relates to parole, Hill's petition is not second or successive under § 2244(b)(3)(A). Accordingly, no permission is required to file the petition in district court and Hill's application is dismissed as unnecessary. Hill also seeks leave to file a petition relating to his conviction. That application is denied as a successive petition.

## Background

The Alaska Court of Appeals, in its denial of Hill's state habeas petition, provided a cogent summary of the background facts in this case:

> In 1993, Raymond E. Hill was convicted of robbery and sentenced to serve 7 years in prison. In early 1998, Hill's actual time in prison, combined with the "good time" credit that had been awarded to him under AS 33.20.010, totaled 7 years. Hill was therefore released on mandatory parole. *See* AS 33.20.030–.040(a).

*Hill v. State,* 22 P.3d 24, 25 (Alaska Ct. App.2001).

Under Alaska's mandatory parole scheme, prisoners must be released when they have served their sentences minus any good-time credits they have earned. Alaska Stat. § 33.20.010. When prisoners violate their release conditions, however, the State may revoke their parole and require them to serve a sentence equivalent to any portion of the good-time offset. Alaska Stat. § 33.16.220(i); *Hill,* 22 P.3d at 26. Hill challenges this scheme as unconstitutional. In addition, he claims that his conviction violated double jeopardy.

## Discussion

### I. Mandatory Parole

Despite having filed numerous habeas petitions, the petition Hill now proposes to file is his first one challenging his parole conditions. Both the State and Hill agree that such a petition should not be categorized as a second or successive petition under 28 U.S.C. § 2244(b).[1] We also agree and publish this short opinion because the issue is one of first impression in this circuit.

AEDPA does not define the terms "second or successive." The Supreme Court, the Ninth Circuit, and our sister circuits have interpreted the concept incor-

1. Section 28 U.S.C. § 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

porated in this term of art as derivative of the "abuse-of-the-writ" doctrine developed in pre-AEDPA cases. *See, e.g., Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (stating that § 2244(b) is an evolutionary extension of the abuse of the writ doctrine); *Calderon v. United States Dist. Court,* 163 F.3d 530, 538 (9th Cir.1998)(en banc) ("Abuse of the writ evolved as a judicially created equitable doctrine, but it is now codified by the AEDPA" at § 2244(b).); *Crouch v. Norris,* 251 F.3d 720, 723–25 (8th Cir.2001) (applying abuse-of the-writ principles to assess prisoner's challenge to the execution of his sentence); *Muniz v. United States,* 236 F.3d 122, 127 (2d Cir.2001) (defining "second or successive" "with reference to the equitable principles underlying the 'abuse-of-the-writ' doctrine"); *Reeves v. Little,* 120 F.3d 1136, 1139 (10th Cir.1997) (per curiam) (same). An "abuse-of-the-writ" occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect. *McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). "[T]he abuse-of-the-writ doctrine [has] concentrate[d] on a petitioner's acts to determine whether he has a legitimate excuse for failing to raise a claim at the appropriate time." *Id.* at 490.

■ That a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition "second or successive." *In re Cain,* 137 F.3d 234, 235 (5th Cir.1998) (per curiam). Other circuits that have considered the question presented by Hill's application have held that a prisoner's first petition challenging the calculation of release date should not be deemed successive if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition. *See Crouch,* 251 F.3d at 725 (denying petitioner's application for permission to file a successive petition as unnecessary where petitioner's petition challenging denial of parole did not raise "a claim challenging his conviction or sentence that was or could have been raised in his earlier petition" and was not otherwise an abuse of the writ); *Cain,* 137 F.3d at 236–37 (same where petitioner challenged a prison disciplinary conviction and his previous petition challenged Texas Department of Criminal Justice's good-time policy.); *cf. Walker v. Roth,* 133 F.3d 454, 455 (7th Cir.1997) (per curiam) (holding that petition was not successive where it challenged petitioner's resentencing when that resentencing was the result of the petitioner's first habeas petition challenging his conviction).

The Eighth Circuit's decision in *Crouch* addresses a circumstance remarkably similar to the one present here. Crouch unsuccessfully challenged his conviction in a § 2254 petition. Two years later, he requested that the court of appeals permit him to file another petition in which he proposed to challenge the state's refusal to grant him parole. *Crouch,* 251 F.3d at 722. *Crouch* noted that if the expression "second or successive" were interpreted too literally, it would foreclose petitions like Crouch's (and Hill's) and "all but foreclose challenges to the constitutionality of the execution of [ ] sentences." *Id.* at 724. Such a result would be illogical given that, like the abuse-of-the-writ doctrine prior to AEDPA, § 2244(b) is a "modified res judicata rule," *Felker,* 518 U.S. at 664 (1996).

It also bears noting that the Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions. *See Slack v. McDaniel,* 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("A petition filed after a mixed petition has been dismissed under *Rose v. Lundy* before the district court

adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition."); *Stewart v. Martinez–Villareal,* 523 U.S. 637, 644–45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that claim that petitioner was not competent to be executed under *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986) is not a second or successive petition). The Supreme Court's teachings on § 2244, the well-reasoned decisions of our sister circuits, and the logical application of the "second or successive" petition rule lead us to adopt the rule embraced by the Fifth and Eight Circuits in *Cain* and *Crouch.*

Hill's claims relating to mandatory parole challenge the calculation of his release date rather than the sentence itself. To the extent that Hill included parole-related claims in two previous habeas petitions that he filed after becoming eligible for parole, in neither of those two cases did the district court address Hill's claims on the merits. The earlier of the two petitions was filed pro se and the district court dismissed it without prejudice on account of Hill's failures to pay a $5 filing fee and to use a prescribed court form. Hill voluntarily dismissed the most recent of the two petitions so that he could exhaust state court remedies. Because the district court has never addressed Hill's claims relating to mandatory parole on the merits, and those claims could not have been included in earlier petitions challenging his conviction and sentence, Hill is not obliged to secure this court's permission prior to filing his habeas petition in the district court.

## II. DOUBLE JEOPARDY

Hill also requests permission to file a habeas petition in district court challenging his conviction on what he styles as "double jeopardy" grounds. Regardless of whether Hill's characterization is accurate,

his double jeopardy claim, in contrast to his claim regarding mandatory parole, attacks his underlying conviction. Thus, it is a prime example of a "second or successive" petition under § 2244(b). Hill has not adduced any new evidence or cited any new rule of constitutional law that would even arguably entitle him to file a habeas petition on this claim.

### CONCLUSION

Hill's application to file a successive habeas petition is denied as unnecessary with respect to his challenge to Alaska's mandatory parole scheme. Hill's application with respect to his double jeopardy claim is denied.

APPLICATION DENIED.