James J. KOOP, Petitioner–Appellant,

v.

Joseph LEHMAN, Respondent–Appellee.

No. 03–35059.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2004.*

Decided Aug. 12, 2004.

Kara Masters, Skellenger, Bender, Mathias & Bender, Peter Alan Offenbecher, Esq., Seattle, WA, for Petitioner–Appellant.

James J. Koop, Tucson, AZ, pro se.

John Joseph Samson, Esq., Office of the Attorney General, Olympia, WA, for Respondent–Appellee.

Before: HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

James Koop appeals the district court's

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

denial of his petition for habeas corpus, which was filed on a 28 U.S.C. § 2254 form, and which the district court determined to be a § 2254 petition. We affirm the district court.

Koop was granted a certificate of appealability ("COA") on three issues: (1) whether 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254, applies to his petition; (2) whether the 2000 prison disciplinary proceedings violated his First Amendment rights; and (3) whether the district court was correct in its *Teague* analysis.[1] A COA is a jurisdictional requirement,[2] and it "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[3] Although Ninth Circuit Rule 22–1 allows for a petitioner to broaden a COA, Koop did not make any motions to do so. Moreover, he has not made a substantial showing that, in the issues he briefed that were not included in the COA, any constitutional rights were denied.

Koop's argument that 28 U.S.C. § 2241 should govern his petition is foreclosed by *White v. Lambert.*[4] Under *White,* 28 U.S.C. " § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention," even when the petition challenges only the execution of the sentence and not the underlying conviction itself.[5] The district court was correct to analyze Koop's petition under § 2254.

Koop filed a personal restraint petition in Washington state court arguing that his First Amendment rights had been violated during the 2000 prison disciplinary proceedings. The last reasoned state court decision, which rejected Koop's argument, was not "contrary to, or ... an unreasonable application of"[6] *Turner v. Safley,*[7] so we defer to that state court decision.

The third issue in the COA was whether the district court properly applied *Teague* in its analysis of "appellant's due process challenge to the standard of proof." Koop's challenge was to the "any evidence" standard used in the 1993 prison disciplinary proceedings, in which, under Washington Administrative Code § 137–28–260(602), authorities determined that his "water stick" was a weapon. Because Koop does not have a " 'legitimate excuse' " for failing to raise this issue in the § 2254 habeas petition he filed in 1997, he cannot raise it now.[8] We therefore need not decide whether the district court's *Teague* analysis relating to the 2000 proceedings was correct.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

2. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

3. 28 U.S.C. § 2253(c)(2).

4. 370 F.3d 1002, 1005 (9th Cir.2004).

5. *Id.* at 1007.

6. 28 U.S.C. § 2254(d)(1).

7. 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

8. *Hill v. Alaska,* 297 F.3d 895, 898 (9th Cir. 2002) (quoting *McCleskey v. Zant,* 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).