NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICHARD WESLEY BRYAN, | No. 14-35747 |
| Petitioner - Appellant, | D.C. No. 3:14-cv-05147-BHS |
| v. | |
| PAT GLEBE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Richard Wesley Bryan appeals from the district court's dismissal of his 28

U.S.C. § 2254 habeas petition as second or successive.  We have jurisdiction under

28 U.S.C. § 2253.  We review de novo, *see Wentzell v. Neven*, 674 F.3d 1124,

1126 (9th Cir. 2012), and we reverse and remand.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bryan contends that his 2014 habeas petition is not second or successive to the habeas petition he filed in 2013. We agree. Bryan's 2013 petition challenged sanctions imposed pursuant to a prison disciplinary proceeding, whereas Bryan's 2014 habeas petition challenged, for the first time, his underlying conviction. Because different state conduct is at issue, the latter petition is not second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 333 (2010) ("the phrase 'second or successive' must be interpreted with respect to the judgment challenged"); *Hill v. Alaska*, 297 F.3d 895, 899 (9th Cir. 2002) (later petition was not second or successive because "Hill's claims relating to mandatory parole challenge the calculation of his release date rather than the sentence itself"). The state's reliance on *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam), is misplaced. In *Burton*, unlike here, both petitions attacked the same judgment. *See id.* at 156. We therefore reverse the dismissal of Bryan's habeas petition and remand to the district court for further proceedings.

We express no opinion as to the merits of Bryan's section 2254 habeas petition or whether it meets the procedural requirements of section 2244(d) and 2254(b).

**REVERSED and REMANDED for further proceedings**.