**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CURTIS LAVELL CLAYTON, AKA
Curtis Moore,

*Petitioner*,

v.

MARTIN BITER, Warden,

*Respondent*.

No. 15-71566

D.C. No.
2:14-cv-06001-
JFW-FFM

OPINION

Application to File Second or Successive
Petition Under 28 U.S.C. § 2254

Argued and Submitted December 8, 2016
Pasadena, California

Filed August 21, 2017

Before: Stephen Reinhardt and Richard A. Paez, Circuit
Judges, and Paul L. Friedman,* District Judge.

Opinion by Judge Paez

---

* The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel denied as unnecessary California state prisoner Curtis Clayton's application for permission to file a second or successive habeas corpus petition challenging the state court's denial of his petition for resentencing under section 1170.126 of the California Penal Code, and transferred the matter to the district court with instructions to treat Clayton's habeas petition as a first petition.

The panel explained that under California law, a resentencing petition under section 1170.126 does not challenge the underlying conviction or sentence; rather it seeks to obtain the benefits of Proposition 36, which entitles defendants with a non-serious and non-violent third strike to petition for resentencing, and results in the entry of a new or appealable order of judgment. The panel held that Clayton, accordingly, is not subject to the "second or successive" petition bar imposed by 28 U.S.C. § 2244(b)(2), and may seek habeas relief from the denial of his resentencing position.

The panel also held that cognizability of a claim in the habeas petition plays no role in the court of appeals' adjudication of an application for permission to file a second or successive petition, and that it is the province of the district court to consider cognizability of a habeas petition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jan B. Norman (argued), Tujunga, California, for Petitioner.

Michael C. Keller (argued) and Jonathan J. Kline, Deputy Attorneys General; Lance E. Winters, Senior Assistant Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Office of the Attorney General, Los Angeles, California; for Respondent.

**OPINION**

PAEZ, Circuit Judge:

After the district court dismissed Petitioner Curtis Clayton's petition for a writ of habeas corpus as second or successive, he applied to this court for permission to file a second or successive petition. 28 U.S.C. § 2244(b). Clayton's habeas petition challenges the state court's denial of his petition for resentencing under section 1170.126 of the California Penal Code. He argues that the state court's adverse ruling deprived him of a federally protected liberty interest without affording him procedural due process protections.

We review Clayton's application pursuant to 28 U.S.C. § 2244(b)(3), and we deny the application as unnecessary and transfer the matter to the district court with instructions to treat Clayton's habeas petition as a first petition.

## I.

In January 1997, Clayton was convicted of three felonies: carjacking, second degree robbery, and evading a police officer. *See* Cal. Penal Code §§ 211, 215(a); Cal. Veh. Code § 2800.2. The superior court imposed a sentence under California's Three Strikes Law, section 667 of the California Penal Code, which mandated a sentence of 25 years to life for anyone convicted of any felony if that person had previously been convicted of two or more "serious or violent" felonies. Cal. Penal Code §§ 667.5, 1170.12. The California Court of Appeal affirmed his convictions but remanded his sentence to correct an error in imposing mandatory consecutive sentences. After Clayton was resentenced, he unsuccessfully appealed his new sentence. Clayton then sought habeas relief in state court, but to no avail. In 2002, Clayton sought habeas relief in federal court, but the district court denied his petition in all respects. Clayton next sought review in this court, but we denied his application for a certificate of appealability. *Clayton v. Runnels*, No. 02-56684, Dkt. No. 7 (June 20, 2003).

On November 6, 2012, California voters overwhelmingly approved Proposition 36, also known as the Three Strikes Reform Act of 2012, which seeks to remedy the harshness of the Three Strikes Law both prospectively and retroactively. Prop. 36, approved Nov. 6, 2012, eff. Nov. 7, 2012; *see also* Steve Cooley & Lael R. Rubin, *Proposition 36: A Brief History*, 25 FED. SENT'G REP. 263, 263 (2013). With some minor exceptions, Proposition 36 requires that, for the Three Strikes Law to apply, the third strike be a serious or violent felony. Cooley & Rubin, *supra*, at 264. For defendants sentenced under the prior Three Strikes Law, Proposition 36 includes a resentencing provision that entitles defendants with

a non-serious and non-violent third strike to petition for resentencing. Cal. Penal Code § 1170.126; Cooley & Rubin, *supra*, at 264. Unless delayed for good cause, defendants seeking resentencing were required to petition the court that entered the judgment of conviction within two years of Proposition 36's passage. Cal. Penal Code § 1170.126(b).

On November 19, 2012, Clayton promptly filed a petition in the Los Angeles County Superior Court seeking resentencing. Cal. Penal Code § 1170.126. Without providing him a hearing, the superior court found Clayton ineligible for resentencing and denied the petition. Clayton appealed, but the court of appeal affirmed and the California Supreme Court denied his petition for review.

In 2014, Clayton filed a pro se habeas petition in the district court challenging the procedures the state court used in adjudicating his resentencing petition under the Three Strikes Reform Act. Clayton argued that the resentencing petition involved a liberty interest because his sentence could be lowered dramatically, and that the state court deprived him of that interest without affording him procedural due process when it denied his petition without a hearing.

The district court dismissed Clayton's habeas petition for lack of jurisdiction, concluding that it was a successive petition and Clayton had not obtained authorization from this court to file it, as required by § 2244(b)(3). The district court determined that Clayton was "at bottom, challenging his original sentence" for the second time. The court nonetheless proceeded to review the petition under Rule 4 of the Rules Governing § 2254 Cases, and concluded that Clayton's alleged due process claim was not cognizable on habeas review.

Clayton then filed an application under § 2244(b)(3) asking this court for authorization to file a second or successive habeas petition in the district court. A motions panel of this court ordered further briefing on the two central questions in this application: (1) "whether petitioner's claim, that the state court denied his right to due process by denying his motion to recall his sentence under California Penal Code § 1170.126, is subject to 28 U.S.C. § 2244(b)(2)," and (2) "what effect, if any, the cognizability of the underlying federal habeas claim has on the adjudication of an application for authorization to file a second or successive petition."

## II.

We review de novo a district court's determination that a habeas petition is second or successive. *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012) (citing *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009)).

## III.

### A.

We first must decide whether Clayton's current habeas petition, which challenges the denial of his state court resentencing petition on due process grounds, is a second or successive petition that is barred under § 2244(b) absent authorization from this court. We conclude that it is not a second or successive petition, and that Clayton did not need our authorization to file it.

Habeas petitions that are filed second-in-time are not necessarily second or

successive. *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007) ("The phrase 'second or successive' is not self-defining."); *see also Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (describing the phrase "'second or successive petition'" as a "term of art"). Indeed, *Magwood v. Patterson*, 561 U.S. 320 (2010), made clear that second-in-time habeas petitions challenging new or intervening judgments are not second or successive.

In *Magwood*, the Supreme Court held that "both § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." 561 U.S. at 332–33. The petitioner in *Magwood* had successfully obtained resentencing in a first habeas proceeding. *Id*. at 326. After Magwood was re-sentenced and after exhausting his state court remedies, he filed a new federal habeas petition under § 2254 challenging certain aspects of his new sentence. *Id.* at 327–28. The Court held that Magwood's second-in-time petition challenged a new or intervening judgment and was therefore not a second or successive petition. *Id.* at 341–42.

Shortly after *Magwood*, we clarified in *Wentzell* that a habeas petition that challenges a new or intervening judgment is not a second or successive petition even where the intervening judgment left in place an earlier challenged conviction and sentence. 674 F.3d 1124. We held that "a subsequent petition is not successive, even if . . . the petitioner effectively challenges an unamended component of the judgment." *Id.* at 1127 (citation and internal quotation marks omitted). Accordingly, that the denial of Clayton's resentencing petition left in place his original sentence is of no matter to the availability of habeas review.

Our decision is also guided by *Hill v. Alaska*, 297 F.3d 895 (9th Cir. 2002), in which the petitioner sought second-in-time habeas review in a situation much like Clayton's.[1] We held that a challenge to the calculation of a prisoner's release date on the basis of parole eligibility was not "second or successive." *Id.* at 899. Critical to our holding was the nature of Hill's claim, which challenged the "calculation of his release date rather than the [original] sentence itself." *Id.* We explained that "[i]t also bears noting that the Supreme Court has declined to read § 2244 to preclude prisoners from bringing habeas claims that could not have been brought in earlier petitions." *Id.* at 898 (citing *Slack*, 529 U.S. at 487).

We look to state law to determine what constitutes a new or intervening judgment. *See, e.g.*, *Hill*, 297 F.3d at 897–901 (analyzing state law to determine whether a challenge to parole eligibility was separate from the sentence for purposes of the second or successive petition analysis). In California, appeals may be taken only from the original conviction *or* from a post-judgment order "affecting the substantial rights of the party." Cal. Penal Code § 1237. The California Supreme Court has concluded that a denial of a resentencing petition under section 1170.126 is an appealable "postjudgment order affecting the substantial rights of the party," as opposed to an appeal of an original conviction. *Teal v. Superior Court*, 336 P.3d 686, 689–90 (Cal. 2014). Thus, under California law, a resentencing petition does not challenge the underlying conviction or sentence; rather, it

---

[1] The state argues that *Hill* is of questionable authority because it was decided before *Magwood*. This argument is unavailing as we have subsequently reaffirmed *Hill*'s holding. *See, e.g.*, *Goodrum v. Busby*, 824 F.3d 1188, 1193 (9th Cir. 2016); *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011).

seeks to obtain the benefits of Proposition 36 and results in the entry of a new appealable order or judgment. The denial of Clayton's section 1170.126 petition therefore constitutes a new judgment.

Our recent decision in *Sherrod v. United States*, 858 F.3d 1240 (9th Cir. 2017) that a sentence reduction under 18 U.S.C. § 3582(c)(2) is not a new, intervening judgment for the purposes of second or successive analysis, does not dictate a different result. Section 3582(c)(2) provides that "[i]n the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered . . . , the court may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). In holding that a § 3582(c)(2) sentence reduction is not a new, intervening judgment, we pointed to the Supreme Court's description of § 3582(c)(2) as "narrow [in] scope[,] . . . intended to authorize only a limited adjustment to an *otherwise final* sentence and not a plenary resentencing proceeding." *Sherrod*, 858 F.3d at 1242 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)) (emphasis added). *Sherrod* relates to a federal statute governing sentencing modifications, 18 U.S.C. § 3582(c)(2), and the federal Sentencing Guidelines, and thus has no applicability to a state sentencing system, especially one in which state law treats alteration of the sentence under the law as a resentencing.

Section 1170.126(b) resentencing petitions under state law are meaningfully different from federal § 3582(c)(2) sentencing reductions. Section 1170.126(b) provides for a "recall of sentence" and "resentencing." Cal. Penal Code § 1170.126(b). State law makes clear that a resentencing petition results in a new order, distinct from the original conviction. *Teal*, 336 P.3d at 689–90; *see also People v.*

*Conley*, 373 P.3d 435, 441 (Cal. 2016) (emphasis added) (making clear that Proposition 36 resentencings "do more than merely reduce previously prescribed criminal penalties"). In contrast, Congress made it very clear that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified pursuant to the provisions of [§ 3582(c)]; a judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*." 18 U.S.C. § 3582(c)(2) (emphasis added); *see also Dillon*, 560 U.S. at 825 (recognizing that § 3582(c) merely "'reduce[s]' an otherwise final sentence"). Just as Congress has authority to declare that a court's order granting or denying a Guidelines sentence modification does *not* create a new judgment, California may declare that a denial or resentencing under section 1170.126(b) *does* create a new judgment under California law. *See supra*; *see also Hill*, 297 F.3d at 897–901.

In sum, as in *Magwood*, Clayton's current habeas petition does not "attempt[] to challenge his underlying conviction." 561 U.S. at 342. Rather, he seeks only to challenge a new and intervening judgment denying him relief with respect to his sentence. Accordingly, Clayton is not subject to the "second or successive" petition bar imposed by § 2244(b)(2), and he may seek habeas relief from the denial of his resentencing petition.

## B.

The government also argues that alternatively, we should deny Clayton's application for permission to file a second or successive petition because his claim is not cognizable. We reject this argument, and conclude that cognizability plays no role in our adjudication of such an application, and that it is

the province of the district court to consider cognizability of a habeas petition.

District courts adjudicating habeas petitions under § 2254 are instructed to summarily dismiss claims that are clearly not cognizable. Rule 4 of the Rules Governing § 2254 Cases in the United States District Court provides that district courts "must dismiss" a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See, e.g.*, *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1176–78 (C.D. Cal. 2014) (dismissing a habeas petition deemed not cognizable).

Dismissal on the basis of cognizability is appropriate "only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible,' or 'patently frivolous or false.'" *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)) (internal citations omitted). A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim. *Park v. California*, 202 F.3d 1146, 1149–50 (9th Cir. 2000); *see also Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (holding that federal habeas courts cannot review state court applications of state procedural rules).

Rule 4, however, applies only to district courts. *See* Rules Governing § 2254 Cases in the United States District Court, Rule 4 (instructing the district court); *see also* Cmt. to Rule 4 of the Rules Governing § 2254 Cases in the United States District Court (explaining that the rule was "designed" to provide "flexibility" to the district court judge). In reviewing an application for a second or successive habeas petition, we do not assess the cognizability of that petition.

Our directions for analyzing such applications derive from § 2244(b)(2)–(3), which directs us to determine whether the petitioner made a prima facie showing that the claim was not presented in a prior application, or if it was, whether the petition "relies on a new rule of constitutional law" or its factual predicate "could not have been discovered previously through the exercise of due diligence."  Our task under § 2244(b)(2)–(3) is therefore narrow in scope.  Thus upon transfer, the district court should assess whether Clayton's petition is cognizable.**[2]**

## IV.

For the foregoing reasons, we deny the application as unnecessary and transfer the petition to the district court with instructions to consider it as a first habeas petition.  28 U.S.C.

---

**[2]** In briefly passing on the nature of Clayton's due process claim, the district court stated that it was not cognizable because it failed to state a federal claim.  As noted in the text, Clayton's petition alleged a violation of his federal due process rights when the state court denied his resentencing petition without a hearing, thereby depriving him of a liberty interest without due process.  Federal due process challenges to state adjudications of state substantive rights are generally cognizable. *Swarthout v. Cooke*, 562 U.S. 216, 221 (2011); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197–98 (9th Cir. 1983).  This may be particularly true where, as here, a pro se petitioner raises a question not yet clearly decided. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 9–12 (1979) (outlining federal due process protections for state parole and good time but not resentencing); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner *pro se* pleadings are given the benefit of liberal construction."); *Hendricks*, 908 F.2d at 491 (describing the standard for dismissal on the basis of non-cognizability as "palpably incredible" or "patently frivolous or false").

§ 2241; *Martinez-Villareal v. Stewart*, 118 F.3d 628, 634–35 (9th Cir. 1997), *aff'd*, 523 U.S. 637 (1998).

**APPLICATION DENIED and PETITION TRANSFERRED.**