NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR TORRES, | No. 18-56605 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-09469-JVS-KS |
| v. | |
| ROD GODWIN, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 5, 2021
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and SIMON,** District Judge.

Arthur Torres appeals the district court's denial of his petition[1] for habeas

corpus relief from his California state conviction and three consecutive sentences

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

[1] We substitute Acting Warden Rod Godwin in place of the originally named Respondent, Warden Scott Frauenheim, pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

of life in prison without the possibility of parole. *See* 28 U.S.C. § 2254. The district court found the petition to be a "second or successive" petition. *See id*. § 2244(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and review de novo a district court's finding that a habeas petition is "second or successive." *See Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017). We reverse and remand for further proceedings.

1.      In 2018, Torres filed a habeas petition in federal court, raising the same challenges that he raised in a prior petition. Between these petitions, the California Supreme Court amended Torres's judgment to correct his sentence of three consecutive terms of life imprisonment without the possibility of parole by adding one more day of credit for presentence custody. The amended judgment, Torres argued to the district court, constituted a new judgment, and his subsequent habeas petition therefore was not a "second or successive" petition. The district court disagreed and dismissed the petition.

2.      The parties agree that the district court erred. We concur. The Anti-Terrorism and Effective Death Penalty Act requires district courts to dismiss a claim raised in a "second or successive" § 2254 habeas petition that was also presented in a prior petition. 28 U.S.C. § 2244(b)(1). Not all later petitions, however, are "second or successive." *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Instead, because § 2254 discusses challenges from a petitioner in

2

"custody *pursuant to a state-court judgment*," § 2254 petitions are tied to judgments. *Id*. at 332-33 (emphasis in original). Thus, when there is "a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all." *Id*. at 341-42 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). Additionally, because "[f]inal judgment in a criminal case means sentence," *Burton*, 549 U.S. at 156, a new sentence constitutes a new judgment on which a state prisoner may file a new habeas petition. *See Magwood*, 561 U.S. at 342. The later petition may even challenge undisturbed portions of the original judgment (*i.e.*, the underlying, undisturbed conviction). *See Wentzell v. Neven*, 674 F.3d 1124, 1126-28 (9th Cir. 2012)

3. We look to state law to determine whether a change in a petitioner's sentence constitutes a new sentence. *See Clayton*, 868 F.3d at 844. Under California law, a "sentence that fails to award legally mandated custody credit is unauthorized." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (quoting *People v. Taylor*, 14 Cal. Rptr. 3d 550, 564 (Cal. Ct. App. 2004)). A California Superior Court decision correcting a prisoner's presentence custody credit is a new sentence that constitutes a new judgment. *Id*.

4. The California Superior Court entered a new judgment when it corrected Torres's sentence. Thus, Torres's 2018 federal habeas petition was his

3

first petition under the new judgment. The district court erred in finding that the petition was a "second or successive" petition.

**REVERSED AND REMANDED.**