# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHUN MEI TONG,

   *Petitioner*,

   v.

UNITED STATES OF AMERICA,

   *Respondent*.

No. 23-48

OPINION

Application to File Second or Successive Motion
Under 28 U.S.C. § 2255

Submitted July 21, 2023[*]
San Francisco, California

Filed September 5, 2023

Before: EUGENE E. SILER[**], KIM McLANE
WARDLAW, and MILAN D. SMITH, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, Sixth Circuit, sitting by designation.

## SUMMARY[***]

## 28 U.S.C. § 2255

The panel (1) denied Chun Mei Tong's application for leave to file a second or successive motion under 28 U.S.C. § 2255 in a case in which Tong was convicted of wire fraud and aggravated identity theft; and (2) to the extent Tong's second motion raises claims that could not have been adjudicated when she filed her first § 2255 motion, transferred that aspect of the second motion to the district court.

Tong filed a § 2255 motion in the district court challenging her restitution order. The district court dismissed the motion on the ground that restitution claims are not cognizable in a § 2255 motion. Tong then filed a second-in-time § 2255 motion asserting new grounds for relief. The district court denied it as an unauthorized second or successive motion filed in violation of 28 U.S.C. § 2255(h). Pursuant to Circuit Rule 22-3(a), the district court referred the matter to this court, which opened the matter as an application for authorization to file a second or successive motion.

The panel held that the district court's dismissal of Tong's first motion constitutes an adjudication "on the merits" for purposes of the second-or-successive bar. The panel explained that when an initial petition or motion is dismissed because its claims cannot be considered by the court or do not otherwise establish a ground for habeas relief,

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

regardless of their underlying merits, any later-filed petition or motion is second or successive. Accordingly, to the extent Tong's second motion raises claims that could have been adjudicated on the merits when she filed her first motion, that aspect of her second motion is second and successive for purposes of § 2255(h). Because Tong has not argued or otherwise made a showing that she meets the requirements of § 2255(h), the panel denied her application to file a second or successive motion.

In her second motion, Tong claims that her habeas counsel provided ineffective assistance by failing to raise various grounds for relief in her first § 2255 motion. The panel wrote that this claim could not have been adjudicated on the merits of her first motion, and thus, is not second or successive. The panel transferred this aspect of Tong's second motion to the district court to consider it in the first instance.

## COUNSEL

F. Clinton Broden, Broden & Mickelsen, Dallas, Texas, for Petitioner.

Rebecca A. Perlmutter, Assistant United States Attorney, United States Attorney's Office, United States Department of Justice, Honolulu, Hawaii, for Respondent.

## OPINION

M. SMITH, Circuit Judge:

Chun Mei Tong filed a motion in the district court pursuant to 28 U.S.C. § 2255 challenging the amount of restitution she was ordered to pay as part of her federal sentence for wire fraud and identity theft. After the district court dismissed the motion on the basis that restitution claims are not cognizable in a § 2255 motion, Tong filed a second motion asserting new grounds for relief. The district court denied the second motion as an unauthorized "second or successive" motion filed in violation of § 2255(h) and referred the matter to our court pursuant to Ninth Circuit Rule 22-3(a).

We hold that the dismissal of Tong's first motion for failing to raise a claim cognizable in habeas rendered her second motion "second or successive" for purposes of § 2255(h). Though a prisoner may be permitted to file a second habeas motion when her first motion was dismissed for curable procedural deficiencies rather than on the merits, *see e.g.*, *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998), Tong's first motion was decided on the merits.

## FACTUAL BACKGROUND

In 2019, Chun Mei Tong was convicted of wire fraud in violation of 18 U.S.C. § 1343 and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). While Tong was employed by the United States Department of Housing and Urban Development (HUD), she rented out properties through the Section 8 Housing Choice Voucher Program in violation of regulations prohibiting HUD employees from

doing so. She was sentenced to sixty-six months imprisonment and ordered to pay $207,874 in restitution. Tong appealed her restitution order, and we affirmed. *United States v. Tong*, 2022 WL 187852, at *1 (9th Cir. Jan. 20, 2022).

Tong then filed a pro se motion pursuant to 28 U.S.C. § 2255 challenging her restitution order (First Motion). She asserted that her trial counsel provided ineffective assistance by failing to argue that the victims' loss amount was overstated and that she was not given credit for the $5,125 in restitution she paid after trial but before sentencing. The district court denied the motion without leave to amend on the ground that claims challenging restitution may not be raised in a § 2255 motion. *See United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) ("28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other[] types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion . . . .").

Tong filed a second § 2255 motion (Second Motion), alleging new grounds for relief. There, she claimed that her trial counsel provided ineffective assistance by (1) failing to argue that her conduct was not prohibited by law, (2) failing to call an ethics expert at trial, (3) failing to raise the lack of third-party accounting of the loss amount**,** and (4) failing to object to the loss amount pursuant to *United States v. Martin*, 796 F.3d 1101 (9th Cir. 2015). She also claimed that her

habeas counsel provided ineffective assistance by failing to address these issues in her First Motion.[1]

The district court asked the parties to brief whether Tong's Second Motion should be deemed a "second or successive" motion filed in violation of 28 U.S.C. § 2255(h), which requires such motions to be authorized by the court of appeals. Tong argued that her Second Motion should not be deemed second or successive because her First Motion was not adjudicated on the merits. The district court rejected her argument, explaining that "the question is whether the court *could* have adjudicated the Second § 2255 Motion on the merits earlier, not whether the First § 2255 [M]otion *was* adjudicated on the merits." The district court dismissed her Second Motion as second or successive and referred the matter to our court pursuant to Ninth Circuit Rule 22-3(a), which provides that "[i]f an unauthorized second or successive . . . section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals."

Upon referral, Tong filed a Motion to Remand to the district court, which was construed as a supplement to her application for leave to file a second or successive motion. We ordered the government to file a response, addressing:

> (1) whether the applicant's second-in-time motion was second or successive, including whether the denial of the applicant's first § 2255 motion was "on the merits" for purposes of § 2255(h); and

---

[1] According to Tong, her First Motion was ghostwritten by her attorney, Earle Partington, who had previously been disbarred. Tong is the only signatory on the motion; the "Signature of Attorney" line is left blank.

(2) whether authorization is warranted if the second-in-time § 2255 [motion] is second or successive.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 2253. *United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011). We review de novo a district court's determination that a habeas petition is second or successive. *Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017).

## ANALYSIS

A federal prisoner challenging her custody "is generally limited to one motion under § 2255." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). Pursuant to 28 U.S.C. § 2255(h) a prisoner may file a "second or successive" motion only if the appropriate court of appeals certifies that the motion contains newly discovered, dispositive evidence or relies on a new constitutional rule made retroactive to collateral proceedings. In this case, Tong does not contend that her Second Motion meets the requirements of § 2255(h). Rather, she argues that her Second Motion was not second or successive at all, because her First Motion was not dismissed "on the merits."

In habeas law, "second or successive" is a "term of art." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000).[2] "Habeas

---

[2] Because the Supreme Court has not addressed the meaning of "second or successive" in § 2255(h), the parties primarily rely on caselaw interpreting the phrase as it is used in § 2244(b)(2). Similar to § 2255(h), § 2244(b)(2) limits state prisoners from raising new claims in a "second or successive" petition unless it meets certain requirements. Therefore, "we assume, without deciding, that the Court's interpretation of 'second

petitions that are filed second-in-time are not necessarily second or successive." *Clayton*, 868 F.3d at 843. "Instead, courts have held that in certain circumstances petitions that follow an earlier-filed petition should not be deemed second or successive because, as a categorical matter, they do not constitute an abuse of the writ." *Goodrum v. Busby*, 824 F.3d 1188, 1193–94 (9th Cir. 2016).

As we have recognized, "if a petitioner files a first petition that the court dismisses on technical procedural grounds without reaching the merits, a subsequent petition will not be deemed second or successive." *Id.* at 1194. This principle is illustrated in *Stewart v. Martinez-Villareal*, where the Supreme Court considered whether a prisoner's later-filed petition challenging his competency to be executed was "second or successive," after his prior petition raising the same claim was dismissed as premature. *See* 523 U.S. 637, 644 (1998). The Court held that it was not, because the "petitioner d[id] not receive an adjudication of his [prior petition]," and "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645. Similarly, in *Slack v. McDaniel*, the Court held that a petition filed after a prior petition that was "unadjudicated on its merits and dismissed for failure to exhaust state remedies" is not a second or successive petition. 529 U.S. at 485–86. In both cases, the prisoner's prior filing was dismissed without prejudice for curable deficiencies, which the Court did not consider a dismissal "on the merits" for purposes of the second-or-successive bar. *McNabb v. Yates*, 576 F.3d 1028,

---

or successive' for purposes of § 2244(b)(2) applies to § 2255(h)." *Buenrostro*, 638 F.3d at 724.

1029 (9th Cir. 2009) (citing *Slack*, 529 U.S. at 485–86); *see also, e.g.*, *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (first petition dismissed because it was filed in the wrong court, and "its refiling in the proper district is not a second or subsequent petition").

In contrast, when a prisoner's first filing is dismissed due to a "permanent and incurable bar to federal review," that dismissal is "on the merits" such that a later filing is deemed second or successive. *McNabb*, 576 F.3d at 1029–30 (internal quotations omitted). For example, when a court dismisses a 28 U.S.C. § 2254 petition for state procedural default, any later-filed petition is subject to the second-or-successive bar. *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990). As we explained in *Howard*, although dismissal for procedural default does "not determin[e] the merits of the underlying claims" in the colloquial sense, "it [does] determin[e] *on the merits* that the underlying claims *will not be considered by a federal court*"—and that determination is "considered 'on the merits' for purposes of the successive petition doctrine." *Id.* (emphasis added and internal citations omitted). We distinguished dismissal for procedural default, which is final, from dismissal for failure to exhaust, where "the opportunity is still open" for a prisoner to exhaust her state court remedies, after which "a subsequent federal petition for habeas corpus could be entertained." *Id.*

As the Second Circuit observed: "We consider the denial of procedurally defaulted claims to be 'on the merits' even though the underlying merits of those claims are not reviewed by any federal court because those claims, regardless of their merit, can *never* establish a basis for habeas relief." *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) (emphasis added). The court generalized this principle, concluding that the "distinction between petitions

that are denied 'on the merits' and those that are not does not depend on whether the federal court actually determined the merits of the underlying claims but rather on whether the prior denial of the petition *conclusively determined* that the claims presented could not establish a ground for federal habeas relief." *Id.* (emphasis added).

We agree. When an initial petition or motion is dismissed because its claims cannot be considered by the court or do not otherwise establish a ground for habeas relief, regardless of their underlying merits, any later-filed petition or motion is second or successive.

Applying these principles to this case, we hold that Tong's First Motion was dismissed "on the merits" for purposes of the second-or-successive bar. In her First Motion, Tong argued that her trial counsel provided ineffective assistance by failing to raise certain arguments challenging her restitution order. The district court dismissed the motion because "a § 2255 petition cannot be used as a vehicle to collaterally attack a restitution order." The court quoted *United States v. Thiel*, explaining that "28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other[] types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion." 314 F.3d at 400. Even though Tong "couched [her] restitution claim in terms of ineffective assistance of counsel," because "§ 2255 is available only to defendants who are in custody and claiming the right to be released," the district court correctly held that Tong's restitution challenge was not cognizable. *Id.* at 401–02. Though the court did "not determin[e] the merits of the underlying claims, it [did] determin[e] on the merits that the underlying claims will not be considered." *Howard*, 905 F.2d at 1322 (emphasis omitted). Therefore, the district court

adjudicated the motion "on the merits," and the principle recognized in *Martinez-Villareal* and related cases does not apply.

However, another limitation on the second-and-successive bar applies to one aspect of Tong's Second Motion: we have recognized that a habeas filing is "second or successive only if it raises claims that were or could have been adjudicated on the merits" in the first petition. *McNabb*, 576 F.3d at 1029. In her Second Motion, Tong claims that her *habeas* counsel provided ineffective assistance by failing to raise various grounds for relief in her First Motion. This claim could not have been adjudicated on the merits with her First Motion, and thus, is not second or successive. Because "[i]n reviewing an application for a second or successive habeas petition, we do not assess the cognizability of that petition," we proceed no further. *See Clayton*, 868 F.3d at 846. We transfer this aspect of Tong's motion to the district court to consider it in the first instance.

## CONCLUSION

The district court dismissed Tong's First Motion because it failed to raise claims cognizable pursuant to § 2255. That decision constitutes an adjudication "on the merits" for purposes of the second-or-successive doctrine. *See McNabb*, 576 F.3d at 1029–30. Accordingly, to the extent Tong's Second Motion raises claims that could have been adjudicated on the merits when she filed her First Motion, that aspect of her Second Motion is second and successive. Because Tong has not argued or otherwise made a showing that she meets the requirements of § 2255(h), we deny her application to file a second or successive motion. However, to the extent that Tong's Second Motion raises claims that could not have been adjudicated when she filed her First

Motion, those claims are not second or successive and must be considered by the district court in the first instance.

**APPLICATION DENIED and PETITION TRANSFERRED.**