NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-35862 |
| Plaintiff-Appellee, | D.C. Nos.   1:22-cv-00023-SPW |
| v. | 1:19-cr-00063-SPW-1 |
| JULIAN TYLER BAUGHMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 25, 2024
Seattle, Washington

Before:  WARDLAW, W. FLETCHER, and MILLER, Circuit Judges.

Julian Tyler Baughman appeals the district court's summary denial of his

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

At trial, Baughman was convicted of possession with intent to distribute fifty

grams or more of actual methamphetamine ("Count 1"), being a felon in

possession of a firearm ("Count 2"), and possession of a firearm in furtherance of a

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

drug trafficking crime ("Count 3"). In his § 2255 petition, Baughman alleges that his counsel conceded his guilt on Count 2 over his express objection, violating his Sixth Amendment "right to insist that counsel refrain from admitting guilt." *McCoy v. Louisiana*, 584 U.S. 414, 417 (2018). The district court summarily dismissed this claim pursuant to Rule 4 of the Rules Governing § 2255 Proceedings in the United States District Courts ("Rule 4") and granted a certificate of appealability. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

1. The district court erred by summarily dismissing Baughman's *McCoy* claim. Rule 4 provides that when a § 2255 motion is filed, the "judge who receives the motion must promptly examine it" to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b). "Summary dismissal is appropriate only where the allegations in the petition" are "vague" or "conclusory," "palpably incredible," or "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

It does not "plainly appear" from the record that Baughman "is not entitled to relief" on his *McCoy* claim. Rule 4(b). Baughman's pro se petition described trial counsel's statements conceding guilt on Count 2 to the jury, identified the

relevant portions of the trial transcript, and alleged that "Baughman told the attorney's [sic] on his case not to admit his guilt and in no way approved this defense." This allegation is not frivolous, even in light of Baughman's statements during sentencing, which occurred well after his counsel conceded guilt. Whether or not Baughman registered his disagreement with counsel during trial cannot be discerned from the record before the district court. Nor is the applicability of *McCoy* to the facts alleged by Baughman clear. Rule 4 dismissal was therefore improper.

The government argues that Baughman's failure to register a contemporaneous objection with the trial court and his inability to show that the outcome of the proceeding would have been different absent the concession dooms his claim. We express no view on the merits of Baughman's *McCoy* claim, for it suffices at this stage to observe that addressing the government's arguments would require the court to resolve facts and decide a legal issue. Absent controlling precedent resolving the viability of Baughman's claim, it does not "plainly appear" to be without merit under Rule 4. *See Clayton v. Biter*, 868 F.3d 840, 846 n.2 (9th Cir. 2017) (Rule 4 dismissal is inappropriate where a "pro se petitioner raises a question not yet clearly decided.").

2. Baughman's § 2255 petition also raises *Brady v. Maryland*, 373 U.S. 83 (1963), and ineffective assistance of counsel claims based on a laboratory

report.  The district court denied Baughman's request for a certificate of appealability ("COA") regarding these claims.  We also deny Baughman's request for a COA as to his claims related to the laboratory report.[1]

**REVERSED AND REMANDED.**

---

[1] We deny both Baughman's and the government's motions to supplement the record on appeal as moot.  Dkt. 36; Dkt. 46.