NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 13 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 22-16165, 24-383 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:12-cr-00111-EMC-1<br>3:12-cr-00642-EMC-1 |
| WILLIAM J. WISE, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 9, 2024**
San Francisco, California

Before: BEA and MENDOZA, Circuit Judges, and M. FITZGERALD,*** District
Judge.

Defendant-Appellant William J. Wise appeals the district court's orders:

(1) denying his motion to amend his motion to vacate or set aside his conviction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael W. Fitzgerald, United States District Judge
for the Central District of California, sitting by designation.

1

under 28 U.S.C. § 2255, and (2) denying his motion for compassionate release. We review de novo whether the district court lacked jurisdiction to hear a § 2255 motion because it is an improper "second or successive" motion. *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022). We review for abuse of discretion a district court's denial of a motion for compassionate release. *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023). We affirm.

1. We construe Wise's motion to amend as a § 2255 motion because it raises a "new ground for relief." *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). 28 U.S.C. § 2255 permits a defendant in federal custody to challenge a sentence that was imposed "in violation of the Constitution or laws of the United States," by filing a motion with "the court which imposed the sentence to vacate, set aside or correct the sentence." The defendant "is generally limited to one motion under § 2255." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). But a defendant may file a "second or successive" motion "only if the appropriate court of appeals certifies that the motion contains newly discovered, dispositive evidence or relies on a new constitutional rule made retroactive to collateral proceedings." *Tong v. United States*, 81 F.4th 1022, 1024 (9th Cir. 2023) (citing 28 U.S.C. § 2255(h)).

Wise's § 2255 motion is second or successive. In the habeas context, "second or successive" is a "term of art," *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), and "[h]abeas petitions that are filed second-in-time are not necessarily second or successive," *Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017). A second-in-time filing is not second or successive if the court dismissed the first-in-time motion on "technical procedural grounds without reaching the merits." *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016). Similarly, a second-in-time habeas filing is not second or successive if "the factual predicate for [the second-in-time] claim accrued only after the time of the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). But that is not the case here. The district court dismissed Wise's initial § 2255 motion on the merits. And the factual predicate for Wise's second-in-time motion accrued when Wise was prejudiced by his counsel's allegedly deficient performance—*i.e.*, when he pleaded guilty—which was well before he filed his initial § 2255 motion. *Brown v. Atchley*, 76 F.4th 862, 873 (9th Cir. 2023).

Because Wise's § 2255 motion is second or successive, he was "required to obtain permission from the court of appeals before filing [his] § 2255 motion in district court." *United States v. Lopez*, 577 F.3d 1053, 1056 (9th Cir. 2009). But he did not obtain this court's permission, so the district court lacked jurisdiction to hear his claim. *Id.* And even if we construe Wise's motion as a belated request for

3

certification, we would deny it. Certification is appropriate where "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Neither situation is present here.

2.     The district court did not abuse its discretion in denying Wise's motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i) permits a court to modify an imposed term of imprisonment where it considers the factors laid out in 18 U.S.C. § 3553(a) and finds that "extraordinary and compelling reasons warrant such a reduction." The district court correctly concluded that Wise's medical conditions and age do not amount to extraordinary and compelling reasons to reduce his sentence. Wise's motion for compassionate release highlighted the various medical issues he is dealing with in prison. But the district court correctly noted that the record demonstrated that Bureau of Prisons ("BOP") physicians were evaluating and treating Wise's conditions. The district court also correctly determined that, even if BOP had failed to meet some or all of Wise's medical needs, Wise had not met his burden of showing that he was at risk of "serious

4

deterioration in health or death" or "serious deterioration in physical or mental health" as U.S.S.G. § 1B1.13(b) requires.

**AFFIRMED.**