NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ISMAEL ANTONIO MURPHY-
RICHARDSON,

Petitioner,

v.

STACI IBARRA,

Respondent.

No. 24-4267

MEMORANDUM[*]

Application to File Second or Successive Petition
Under 28 U.S.C. § 2254

Submitted October 23, 2025[**]
Phoenix, Arizona

Before: GRABER, TALLMAN, and BADE, Circuit Judges.

This is Ismael Murphy-Richardson's second attempt to challenge his state

convictions through federal habeas proceedings. In 2018, he was convicted of

three counts of sexual assault in Arizona state court and sentenced to twenty-one

years in prison. His first round in pursuit of the federal writ ended in 2024 when

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his petition was dismissed without prejudice for failure to exhaust state remedies for one of his claims. *See Murphy-Richardson v. Att'y Gen. of Ariz.*, No. 22-15001, 2024 WL 359371 (9th Cir. Jan. 31, 2024) (mem.). He has returned to us seeking authorization to file a "second or successive" habeas petition under 28 U.S.C. § 2254.

We have jurisdiction under 28 U.S.C. § 2244(b)(3). We review de novo an application for authorization to file a second or successive habeas petition. *See Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017). For the reasons set forth below, we deny Murphy-Richardson's application as unnecessary.[1]

Murphy-Richardson does not need our authorization under § 2244(b)(3)(A) to file his new petition because the petition is not "second or successive" as that term is used in § 2244(b). Not every second-in-time habeas petition is a "second or successive" one. *Clayton*, 868 F.3d at 843. When a second petition is filed after the inmate's first petition "was dismissed without adjudication on the merits for failure to exhaust state remedies," the second-in-time petition is not "second or successive." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

That is what happened with Murphy-Richardson's first petition. Our prior panel ruled that state remedies had not been exhausted for one of the claims in his

---

[1] We grant Ibarra's unopposed request that we take judicial notice of the docket entries in Murphy-Richardson's prior appeal, No. 22-15001. *See Ray v. Lara*, 31 F.4th 692, 697 n.4 (9th Cir. 2022).

petition and declined to bar the claim as procedurally defaulted because it was still pending in state court. *Murphy-Richardson*, 2024 WL 359371, at \*1. Accordingly, the case was remanded "for the district court to dismiss the petition without prejudice," which it did. *Id.* at \*2. A dismissal for failure to exhaust state remedies does not constitute an adjudication on the merits. *See Tong v. United States*, 81 F.4th 1022, 1025–26 (9th Cir. 2023) (citing *Howard v. Lewis*, 905 F.2d 1318, 1322 (9th Cir. 1990)).

We emphasize that Murphy-Richardson's entire *petition*, not individual *claims*, was dismissed without prejudice. *See Mena v. Long*, 813 F.3d 907, 909–10 (9th Cir. 2016) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)) (noting that district courts must "dismiss petitions that contain even one unexhausted claim"). "[W]hatever particular claims" an initial mixed petition may raise, "none could be considered by the federal court." *Slack*, 529 U.S. at 488 (citing *Rose*, 455 U.S. 509).

Because Murphy-Richardson's initial habeas petition "was dismissed without adjudication on the merits for failure to exhaust state remedies," his present petition is not "second or successive." *Slack*, 529 U.S. at 478. Accordingly, it is "not subject to § 2244(b) at all," *Magwood v. Patterson*, 561 U.S. 320, 331 (2010), and he does not need our authorization under § 2244(b)(3) to file it, *In re Turner*, 101 F.3d 1323, 1323–24 (9th Cir. 1996).

3                                    24-4267

As we have determined that his petition must now be treated as an initial petition, we "may proceed no further" to consider the merits of his claims. *Turner v. Baker*, 912 F.3d 1236, 1241 (9th Cir. 2019). We deny the application as unnecessary.[2]

**APPLICATION DENIED.  No costs awarded.**

---

[2] We express no view on the merits of the district court's prior rulings on the claims presented in Murphy-Richardson's first petition, or on the procedural consequences of his decision regarding when to file in the district court.